## Case No. 14,564.

### UNITED STATES v. BELL.

[1 Cranch, C. C. 94.] [1]

Circuit Court, District of Columbia. Nov. Term, 1802.

WITNESS—SLAVE—FREE MULATTO.

A slave may be a witness on a prosecution against a free mulatto, in Alexandria county.

## Case No. 14,565.

### UNITED STATES v. BELL.

[Gilp. 41.] [2]

District Court, E. D. Pennsylvania. Feb. 17, 1829.

CONSULS — OFFICIAL BOND — CONSULAR DUTIES — ACTION FOR MONEY NOT ACCOUNTED FOR.

1. The surety of a consul for the faithful discharge of his duties, and for his truly accounting for all moneys coming into his possession by virtue of the act of 14th April, 1792 [1 Stat. 254], is not responsible on account of moneys remitted to him for purposes not comprehended within his consular duties, as prescribed by that act.

[Cited in brief in State v. McFetridge (Wis.) 54 N. W. 3.]

2. In a suit by the United States against a surety, in an official bond, the burden of proof lies upon them, to show that the principal failed to discharge the duties of his office.

This was a suit on a bond dated on the 19th June, 1806, in which Maurice Rogers was the principal, and William Bell his surety. It appeared that Maurice Rogers had been appointed a consul of the United States in a foreign port, and the condition of this bond was, "tha. he should faithfully discharge the duties of his office, according to law, and also truly account for all moneys, goods and effects, which should come into his possession, by virtue of the act of congress concerning consuls and vice-consuls."

Mr. Ingersoll, U. S. Dist. Atty.
Mr. Binney, for defendants.

The question substantially was, whether Maurice Rogers had truly accounted for all moneys received by him as consul. It appeared that he had received from the treasury of the United States, by several payments, the sum of three thousand and fifty-two dollars and sixteen cents, and he was credited with disbursements to the amount of one thousand three hundred and ninety-eight dollars and seventy-eight cents. The suit was brought for the balance with interest. It was contended, on the part of the defendants, [Joseph Bell and William J. Bell, executors of William Bell,] that the money,

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Henry D. Gilpin, Esq.]

thus paid to Rogers by the United States, was not received by him officially, as a consul; that it did not come into his possession by virtue of his office, or by virtue of the laws of the United States; that the law referred to, of 14th April, 1792, 1 Story's Laws, 235 [1 Stat. 254], makes it the duty of consuls to take possession of the personal estate left by any citizen of the United States, who shall die within their consulates, leaving there no legal representative; but that no other money or effects, except in the case of a stranded vessel, are mentioned or intended by the act to come into his hands, or can, officially, and by virtue of the act, be in his possession. Of consequence, the condition of the bond taken under the act, has relation only to such moneys and effects as are specified, and not to any sums, which the treasury of the United States, for other purposes, and to any amount, may remit to their consuls.

HOPKINSON, District Judge (charging jury). The question, under the issues in this case, is, whether the money received by Rogers from the treasury of the United States, for which this suit is brought, came into his possession by virtue of his office as a consul of the United States, under the laws of the United States. If it did so come into his possession, it is not denied that he has not faithfully discharged the duty of his office, by truly accounting for this money: and that the bond is forfeited and the defendant liable. By the fourth section of the act of 28th February, 1803 (2 Story's Laws, 883 [2 Stat. 203]), it is made the duty of the consuls to provide for the mariners and seamen of the United States, who may be found destitute within their districts. sufficient subsistence, and passages to some port of the United States, "at the expense of the United States." The performance of this duty, which is strictly official according to law, and indeed prescribed by the act under which the bond was taken, obviously requires money, and it may be to a considerable amount: and from whence is it to be supplied, unless by the treasury of the United States? The consul acts but as the agent of the United States; the payments are to be made for and on their account; and no agent is bound to make advances for his principal, unless by a special contract between them. The United States are bound to furnish their consuls with the funds necessary to provide for destitute seamen, in the manner directed by their laws; and if the moneys, in this case, paid by the United States to Mr. Rogers, were paid to him for the purposes mentioned in the act, to be applied to the relief of destitute seamen, it is my opinion that they came into his possession by virtue of his office, and under the laws of the United States. But if they were remitted to him, for other objects and purposes, not comprehended within his consular duties, as prescribed by the act of congress,

under which the bond was taken; then, although he is a debtor to the United States for the amount due, they are not such moneys as the sureties in his bond can be called upon to account for. This is a question of fact for the decision of the jury. The account itself is the only evidence produced to show the nature and object of the advances; and they do not specifically appear there. The jury must, however, decide this matter by the light that is given to them.

A question has been made by the district attorney, on which party the burden of proof is thrown. I think it is on the United States. They assert and claim the forfeiture of the bond. They aver that Rogers received large sums of money; that he did not faithfully discharge the duties of his office; that he has not truly accounted for the moneys which came into his possession by virtue of the act of congress; and it is with them to show, what money did go into his possession by virtue of the act; what amount, which thus came into his possession, has not been truly accounted for; and in what he has not faithfully discharged the duties of his office. In short, they must make out their case against the defendant.

The jury found a verdict for the defendant.